CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 0 8 2008

JOHN F CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br><br>v.<br><br>TERRIAN LILLIAN PORTCH,<br>*Defendant* | CASE No. 5:08cr00007-2<br><br>**REPORT AND**<br>**RECOMMENDATION**<br><br>By:  Hon. James G. Welsh<br>       U.S. States Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a multi-count Indictment charging this defendant in Count One with conspiracy to distribute one hundred kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), all in violation of Title 21, United States Code, Section 846; and in Count Three with being an unlawful user of, and addicted to, a controlled substance, as defined in 21 U.S.C. § 802, on or about August 14, 2007 and with knowingly possessing, and abetting or abetting the possession, of multiple enumerated firearms, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2). The defendant had been previously arraigned and entered pleas of Not Guilty to each of these charges.

The Rule 11 plea hearing was conducted before the undersigned on August 4, 2008. The defendant was present at all times in person and with her counsel, Roland M. L. Santos. The United States was represented by Ryan L. Souders and Jeb T. Terrien, Assistant United States Attorneys. The proceedings were recorded by a court reporter. *See* Rule 11(g). After the undersigned made a Rule 11 inquiry and the government presented evidence by oral proffer for the purpose of establishing an independent basis for the plea, the defendant entered a plea of guilty to a lesser included offence charged in Count One of the Indictment, [1] and the government agreed to dismiss the remaining Indictment count [2] against the defendant upon acceptance of her guilty plea to Counts One's lesser included offense.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

At the hearing counsel for the defendant stated that his client was proposing to enter a plea of guilty to the amended charge in Count One and that the change of plea was to be made pursuant to a written plea agreement. The defendant was then placed under oath and addressed personally in open court. She expressly acknowledged that she understood that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution

---

[1] Upon motion of the government, Count One of the indictment was amended, as to this defendant, to charge the lesser included offense of participation in a criminal conspiracy to distribute less than fifty (50) kilograms of marijuana in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D), all in violation of 21 U.S.C. § 846.

[2] Counsel for the government orally moved the court to dismiss Count Three of the indictment and represented that such dismissal at the time of the plea agreement's acceptance was intended to be part of the plea agreement .

2

for perjury or false statement, to use against her any statement given by her under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her full legal name is Terrian Lillian Portch; she is fifty-three (53) years of age; she completed the eighth grade in school; she can read, write and understand English without difficulty; she has no medical condition, either physical or mental, which might interfere with her ability to understand and participate fully in the proceedings; she was using no alcoholic beverage, medication or drug which might impair her ability to understand and participate fully in the proceedings; her mind was clear, and she understood that she was in court for the purpose of entering a plea of guilty which she could not later withdraw. The defendant's attorney represented to the court that he had no reservations about the defendant's competency to change her plea and to enter a plea of guilty pursuant to the terms of the written plea agreement.

The defendant testified that she had received a copy of the indictment, that she discussed the charges in detail with her attorney, that she understood each of the charges against her, that she understood each charge to be a felony, that she had been given adequate time to prepare any defenses she might have to the charges, that she was fully satisfied with the services of her attorney, and that it was her intention and desire to change her prior plea and to enter pleas of guilty to the amended charge against her in Count One.

The government's understanding of the plea agreement was then stated in some detail, including the agreement for the defendant to plead guilty to Count One, as amended [¶ 1]; the defendant's express

acknowledgment of the applicable maximum statutory penalties for violation of 21 U.S.C. § 846, as amended, and her express acknowledgment that her assets were subject to forfeiture, *inter alia* pursuant to the forfeiture allegations in the Indictment and pursuant to a collateral state court forfeiture proceeding [¶¶ 1 and 15]; the defendant's agreement to be held responsible for a marijuana drug weigh of less than ten (10) kilograms and the parties' agreement to be bound by the court's factual determination of drug weight for purposes of Guideline sections 2D1.1 and 1B1.3 [¶ 2]; the terms of the agreement's acceptance of responsibility provision[3] [¶ 3], the government's agreement not to object to the defendant being given the benefit of the "safety valve" provisions of Guideline section 5C1.2 and 18 U.S.C. § 3553(f) [¶ 4]; the defendant's obligation to pay a mandatory $100.00 assessment [¶ 5], the sentencing recommendation provision [¶ 6]; the agreement's terms pertaining to any evidence proffer [¶ 7]; the agreement's substantial assistance provision [¶ 14]; the defendant's waiver of her right to appeal any sentence and waiver of her right to make any collateral attack on any judgment or sentence imposed by the court [¶ 8]; the defendant's waiver of any right to access any records or information pertaining to the investigation or prosecution of this matter [¶ 9]; the defendant's statute of limitations waiver [¶ 12]; the defendant's consent to the abandonment of any seized contraband or other personalty [¶ 11]; and the substance of the agreement's other terms [¶¶ 10, 13, 16-20].

After which, the defendant was again addressed in open court, and she stated her understanding to be the same as that set forth by the government's attorney. Counsel for the defendant also represented that his understanding of the plea agreement was the same as that set forth by the

---

[3] Counsel for the government represented that the defendant had complied with all preconditions applicable to this provision of the plea agreement.

4

government's attorney, and he further represented that he had reviewed each of the terms of the plea agreement with his client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter a plea of guilty in this case and that no one had attempted in any way to force her to plead guilty in the case. The plea agreement was then received, filed and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

The defendant testified that she understood and acknowledged that she was proposing to plead guilty to the felonious participation in a conspiracy to distribute less than fifty (50) kilograms of marijuana in violation of 21 U.S.C. § 846. *See* Rule 11(b)(1)(G). After the attorney for the government restated the maximum possible penalty provided by law for the offense charged Count One, as amended, the defendant expressly acknowledged that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment, as amended, to be confinement in a Federal penitentiary for five (5) years and a $250,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant again testified that she fully understood the charge to which she proposed to plead guilty; she knew it was a felony; she knew and understood the maximum penalty for it, and she knew that she would be required to pay a mandatory $100.00 special assessment upon conviction. She

5

acknowledged that she understood that her guilty plea, if accepted, would result in her being adjudged guilty of a felony offense, which may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable decisions of Federal appellate courts. *See* Rule 11(b)(1)(M); and *United States v. Booker*, 543 U.S. 220 (2005). She stated that she understood that the court will not be able to determine the sentence for her case until after the presentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; any congressionally established objectives of sentencing, the need to protect the public, the need for any sentence which might be imposed to reflect the seriousness of the offense, the need to promote respect for the law, the need to provide for a just punishment, the need to afford adequate deterrence, the need to protect the public, any need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution.

She acknowledged that she understood that the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K). She stated that she knew she would be required to pay the mandatory one Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant expressly acknowledged that, by pleading guilty to Count One, as amended, she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged therein, including those related to sentencing. She, likewise, expressly acknowledged that pursuant to the express terms of the plea agreement she was waiving her right to appeal her conviction, her right to appeal any guideline sentencing issues, her right to appeal any sentence of the court within the guideline range on the ground that the sentence is unreasonable, and her right to challenge her conviction and/or sentence in any post-conviction proceeding.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: her right to persist in her previous pleas of not guilty to the offenses charged against her; her attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; her right at trail to see, to hear, to confront and to have cross-examined all adverse witnesses; her right to be protected from compelled self-incrimination; her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense; her presumption of innocence; the obligation of the government to prove her guilt beyond a reasonable doubt; the right on her part to

decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E).

The defendant testified that she understood her right to persist in her plea of not guilty and the attendant rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F). She stated that she understood by entering a guilty plea to this offense there would be no trial and, if accepted, there would be only one more hearing where the presiding district judge would determine whether there was a factual basis for her plea and what sentence to impose.

She acknowledged that she knew her entry of a guilty plea constituted an admission of all of the elements of a formal felony charge. She acknowledged that she knew, irrespective of any sentence imposed by the court, she would have no right to withdraw her plea of guilty, that she knew parole had been abolished, that she knew she would not be released on parole, that she knew any sentence of incarceration would include a period of "supervised release," and that she knew any violation of the terms or conditions of "supervised release," which typically would last from one to five years in her case, could result in her being returned to prison for an additional period of time.

The defendant further testified that she was pleading guilty because she was in fact guilty of the crime described in Count One, as amended.

To permit the court to determine that a factual basis exists for the plea, counsel for the government submitted by oral proffer an outline of the government's case. After which, both the

8

defendant and her counsel confirmed the accuracy of the facts relevant to the offense set forth by the government in its evidentiary proffer. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding and that she still desired to plead guilty, the defendant consulted with her attorney and made a knowing and voluntary waiver of the reading of the amended charge. Asked how she wished to plead to the charge against her in Count One of the Indictment, as amended, the defendant entered a plea of GUILTY. After acknowledging it to be correct, the defendant executed the requisite written form, and it was filed and made a part of the record.

After entering her plea of guilty as aforesaid and after an independent basis for the plea had been established, the defendant was informed that the undersigned would recommend acceptance of her plea. She then reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any promises of leniency or inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant, likewise, reiterated her full satisfaction with the assistance of her attorney.

The defendant was then continued on bond without any change of conditions pending completion of a presentence report and the court's acceptance of her plea.

9

Case 5:08-cr-00007-GEC-JGW   Document 57   Filed 08/08/08   Page 9 of 13   Pageid#: 144

## B. GOVERNMENT'S EVIDENCE

At trial the government was prepared to present witness testimony to show that on August 14, 2007 the defendant's husband, and coconspirator, made arrangements to meet a confidential informant in Fishersville, Va, for the purpose of selling 1/4 lb. of marijuana. Upon arriving at the agreed location, the defendant's husband was taken into custody, and he and his vehicle were searched. 2 1/4 lbs. of marijuana was recovered from the vehicle, along with a .40 cal. Ruger pistol. A follow-up search, pursuant to a search warrant, of the family residence, outbuilding and another vehicle resulted in the seizure of multiple firearms, approximately eleven (11) additional lbs. of marijuana, a small amount of methamphetamine, and several smoking devices.

Additional witness testimony would show that the defendant's husband had been distributing marijuana for many years, that it had been the family's source of income for approximately twelve (12) years, that the defendant acted with her husband in this illegal activity; however, the defendant's husband was the primary actor in the conspiracy; the defendant played a much less significant role; she seldom dealt with customers; when she did, it was at her husband's express direction, and the defendant's lesser participation involved the distribution of less than ten (10) kilograms of marijuana over the life of the conspiracy. The defendant admitted to using marijuana approximately three times each month and to her husband being her source of supply. Witness testimony would also show that the conspiracy existed from approximately January 2003 and August 2007. The marijuana content and relevant weights of the seized drugs were confirmed by laboratory analysis.

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea of guilty;

2. The defendant is fully aware of the nature of the charges and the consequences of her plea;

3. The defendant is fully informed, and she understands, the applicable items enumerated in Rule 11(b)(1)(A)–(N);

4. Before entering her plea, the defendant and the government reached a plea agreement which provides, *inter alia*, for the government to dismiss Count Three of the Indictment upon acceptance of the defendant's plea of guilty to Count One, as amended, charging a lesser included offense;

5. Defendant's entry into the plea agreement and her tender of a plea of guilty to Count One, as amended, were made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One, as amended, was made with her full knowledge and understanding both of the nature of the offense and the full range of punishment which might be imposed, including the mandatory special assessment;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other the promises expressly set forth in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One, as amended; that the defendant be ADJUDGED GUILTY of said offense; that a sentencing hearing be scheduled before the presiding district judge on October 17, 2008 at 2:30 p.m.; and that the government's motion to dismiss Count Three of the Indictment be granted.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely file written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 6th day of August 2008.

/s/ James G. Welsh
United States Magistrate Judge